UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FREDERICK A EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-317 |
| | § | |
| REBECCA TAMEZ, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING TRANSFER OF CASE AND
REJECTING MEMORANDUM AND
<u>RECOMMENDATION REFUSING JURISDICTION</u>**

Before the Court is the "Memorandum and Recommendation to Transfer" (D.E. 10) issued by Magistrate Judge Brian L. Owsley on November 7, 2011. For the reasons stated below, the Magistrate Judge's Recommendation is rejected and the Court accepts the transfer of this case.

This *pro se habeas corpus* case was originally filed on September 16, 2011, pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas. Jurisdiction and venue was proper in the Northern District of Texas as the Petitioner was incarcerated in the Federal Correctional Institution in Fort Worth, Tarrant County, Texas (28 U.S.C. § 124(a)(2)), where the acts complained of took place, and in the same division where the Defendant can be found. D.E. 1. Ten days later, on September 26, 2011, the Court for the Northern District of Texas received and filed a notice of change of address, reflecting that the Petitioner had been transferred to the Federal Correctional Institution in Three Rivers, Live Oak County, Texas—a facility

located within the territorial jurisdiction of the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 124(b)(6).

In connection with the change of his penal institution and before service on Respondent, Petitioner asked the Northern District Court for the return of his petition and his filing fee.  Instead, the Magistrate Judge of the Northern District Court, recognizing that jurisdiction is determined at the time the petition is filed and is proper in the Northern District of Texas, nonetheless *sua sponte* transferred the case to this Court "in the interests of justice."  See *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001).

Magistrate Judge Owsley, relying on 28 U.S.C. §§ 1391(b) and 1406(a), opines that venue in the Southern District of Texas is not proper and recommends that the case be transferred back to the Northern District.  He concludes that this Court does not have jurisdiction to adjudicate the case.  The Petitioner has not objected and the Respondent has not yet been served or answered.  The Court holds that the case may be heard in the Corpus Christi Division of the Southern District of Texas and declines to transfer the case back to the Northern District at this time.

The writ of *habeas corpus* is a complex equitable[1] matter that does not easily lend itself to bright line rules regarding jurisdiction and venue.  *Braden v. 30th Judicial Circuit Court of Ky*, 410 U.S. 484, 499-500 (1973).  Here, the Petitioner challenges the loss of

---

[1] *See, e.g*., *Schlup v. Delo*, 513 U.S. 298, 319, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)("[T]he Court has adhered to the principle that habeas corpus is, at its core, an equitable remedy.")(Partially abrogated, on other grounds, by the Antiterrorism and Effective Death Penalty Act of 1996); *Withrow v. Williams*, 507 U.S. 680, 699, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993)("Concerns for equity ... resonate throughout our habeas jurisprudence."); *Kuhlmann v. Wilson*, 477 U.S. 436, 447, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986)("In decisions of the past two or three decades, ... the Court has reaffirmed that 'habeas corpus has traditionally been regarded as governed by equitable principles.' " quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), citing *United States ex rel. Smith v. Baldi*, 344 U.S. 561, 573, 73 S.Ct. 391, 97 L.Ed. 549 (1953)(dissenting opinion)).

good time credit due to the results of a disciplinary case. Consequently, the local "immediate custodian" is relevant to the Petitioner's ability to obtain relief as it relates to the terms and conditions of confinement. *See generally, Rumsfeld v. Padilla*, 542 U.S. 426, 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Petitioner may decide to add his current custodian as a party and may further choose to dismiss the former custodian, which is his current Respondent.

While 28 U.S.C. § 2241(a) confers the power to grant a writ of habeas corpus to "the district courts . . . within their respective jurisdictions," that phrase has been interpreted to fall short of limiting a court's subject matter jurisdiction. *Rumsfeld*, *supra* at 451-52 (Kennedy, J., concurring). Furthermore, objections to jurisdiction or venue in *habeas corpus* cases can be waived. *Id.* at 452 (Kennedy, J., concurring).

Under the specific circumstances presented here, the Court will accept the transfer of the case pending service on the Respondent and an opportunity for the parties to object.

ORDERED this 19th day of December, 2011.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE